### STRAWN v. CITY OF LEESBURG.

Circuit Court, Lake County.

December 15, 1954.

Pringle & Pringle and Robert E. Pierce, all of Leesburg, for plaintiff.

Walter Warren, Leesburg, for defendant.

T. G. FUTCH, Circuit Judge.

This action arises from the alleged lawful use and enjoyment of a navigable body of water for the purpose of navigation.

The complaint is short and simple—an example of good pleading, in my opinion, as required by the new rules of pleading in this state. Omitting formal parts, the complaint is set forth below—

1. That the plaintiff, Theodore E. Strawn, is a resident of Volusia County, Florida.

2. That the defendant city of Leesburg is a municipality located in Lake County, Florida.

3. That the plaintiff was, at the time of the accident herein complained of, the owner of a certain Luscomb aircraft, carrying N. C. #39031.

4. That Lake Harris is a body of navigable water under the jurisdiction of the Corps of Engineers, U.S. Army; that at the northwesterly end thereof, adjacent to and partially surrounded by a portion of the city of Leesburg known as Venetian Gardens, is a "yacht basin," a part of the lake, to which access is had through a channel or narrow neck of water; that lying within this channel is a small unnamed island about 180 feet from the easterly side thereof; that the defendant is the owner and operator of the electric distribution system of the city; and that defendant strung a pair of electric wires across the channel to the island without painting or otherwise marking the supporting poles so as to give aircraft warning of the existence thereof.

5. That the plaintiff on January 7, 1954 attempted to land his aircraft on the surface of the yacht basin and made his approach to the surface thereof in the usual manner, but that the aircraft collided with the electric wires causing it to drop into the waters of the yacht basin, causing great damage to plaintiff's aircraft.

6. That defendant negligently permitted the above-mentioned wires to be strung across this inlet, creating a hazard to plaintiff; that defendant knew, or should have known, that plaintiff or others would use the yacht basin for the purpose of landing aircraft; that defendant failed properly to paint, mark or light the poles on which the wires were attached so as to warn aircraft pilots of the presence thereof.

Defendant moved to dismiss the complaint, asserting two grounds —"1. The complaint fails to state a cause of action. 2. The complaint shows upon its face that the alleged damage was caused by the negligence of the plaintiff."

These waters, if navigable and under the jurisdiction of the United States as alleged, are subject to the same rules and regulations as to interference with nagivation *by aircraft* as by steamboat or other watercraft. This is true because once an aircraft has landed on the water it follows that its pilot has full right to the use of the navigable waters, without being subjected to the danger of unmarked artificial hazards. Just as the channel of a harbor

is the watercraft's route to and from the sea, so is the air above navigable waters the route of aircraft thereto.

The protection of navigable waters for the safety of navigation has been a consistent policy of the United States government throughout the life of the nation so that their use by the public, almost without let or hindrance, has become an accepted fact and jealously guarded heritage of the people. From 65 C.J.S., sec. 22, page 91—

> The public right of navigation entitles the public generally to the reasonable use of navigable waters for all legitimate purposes of travel or transportation, either for business or for pleasure, in any kind of watercraft, whether large or small, the use of which is consistent with the enjoyment by others of the right possessed in common. In time of peace, a navigable river is open at all hours to passage in any direction. On the other hand, the right of navigation must be exercised in a manner which is reasonable under all the circumstances and with due consideration of the rights of others to a like or different use.

From Silver Springs Paradise Co. v. Ray (C.C.A. 5), 50 Fed. 2d, 356 at page 359—

> The public right of navigation entitles the public generally to the reasonable use of navigable waters for all legitimate purposes of travel or transportation, for boating or sailing for pleasure, as well as for carrying persons or property gratuitously or for hire, and in any kind of water craft the use of which is consistent with others also enjoying the right possessed in common.

If defendant elected to place wires over navigable waters, it assumed full responsibility for any hazard to navigation created thereby. Universal knowledge of present day means of using navigable waters cannot be ignored by the defendant, a municipal corporation, or any other legal entity or individual, with impunity. From 65 C.J.S., sec. 43, pages 116 and 117—

> Obstructions which may unlawfully interfere with navigation and give rise to liability on the part of those maintaining them for injuries which they cause include ropes, lines and cables, such, for example, as telegraph cables, power cables, telephone wires, electric conduits above the water, and also nets or pipes for various purposes, such as sewer pipes, gas pipes, or oil pipe lines.

> *Failure to mark or give notice; knowledge.* The wrongful act may consist wholly or in part of the neglect to mark or give adequate notice of the presence of the obstructing cable, hawser, or wire; * * *

Defendant's motion to dismiss is denied.